UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TOMMAS LEE COLONEL,

                Plaintiff,

v.                                Case No. 3:05-cv-516-J-32HTS

THE STATE OF FLORIDA,
et al.,

                Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Tommas Lee Colonel, an inmate of the Florida penal system who is proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on June 6, 2005. Plaintiff names the State of Florida and the City of Jacksonville, Florida, in the style of the case and also names Governor Jeb Bush and Mayor John Peyton in the body of the Complaint. In the Complaint, Plaintiff claims that Assistant State Attorney James A. Kowalski, Jr. entered a plea agreement with Plaintiff to waive the sentencing guidelines; however, he "took evasive actions to secretly renege on that pledge, going as far as falsifying official court documents in the process." Complaint at 9. Plaintiff states that, as a result, he is falsely imprisoned eight years longer than the State can legally detain him. As relief, Plaintiff requests compensatory and punitive damages and requests that the Governor issue a pardon for his immediate release.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA).  The PLRA requires the Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Additionally, the Court must read Plaintiff's *pro se* allegations in a liberal fashion.  <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Jones v. Ray</u>, 279 F.3d 944, 947 (11th Cir. 2001) (recognizing the liberal interpretation afforded to *pro se* pleadings); <u>see also</u> <u>Miller v. Stanmore</u>, 636 F.2d 986, 988 (5th Cir. 1981).

"A claim is frivolous if it is without arguable merit either in law or fact."  <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir.) (citing <u>Battle v. Central State Hospital</u>, 898 F.2d 126, 129 (11th Cir. 1990)), <u>cert</u>. <u>denied</u>, 534 U.S. 1044 (2001).  A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989).  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," <u>id</u>. at 327, or when the claims rely on factual allegations which are "clearly baseless."  <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992). Additionally, a claim

may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. <u>Bilal v. Driver</u>, 251 F.3d at 1349.

In any 42 U.S.C. § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the person engaged in the conduct complained of was acting under color of state law; and, (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. <u>See</u> <u>Knight v. Jacobson</u>, 300 F.3d 1272, 1276 (11th Cir. 2002); <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1582 (11th Cir. 1995).

To the extent that Plaintiff Colonel intended to name Assistant State Attorney Kowalski as a Defendant in this case, Plaintiff's claims appear to arise from the prosecution of Plaintiff Colonel in 1994 and the resulting plea agreement entered in Duval County, Florida, on July 1, 1994. Complaint at 8-9; <u>see</u> http://www.dc.state.fl.us/ActiveInmates (Florida Department of Corrections website). "Prosecutors are also entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." <u>Bolin v. Story</u>, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam) (citing <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31 (1976), <u>Jones v. Cannon</u>, 174 F.3d 1271, 1281 (11th Cir. 1999), <u>Fullman v. Graddick</u>, 739 F.2d

553, 558-59 (11th Cir. 1984)); see also Mastroianni v. Bowers, 173 F.3d 1363, 1366 (11th Cir. 1999) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273, (1993)).

Plaintiff concedes that he previously filed a similar case in this Court (Case No. 3:02-cv-468-J-12HTS), and this Court takes judicial notice of the previous filing.  In Case No. 3:02-cv-468-J-12HTS, Plaintiff named Assistant State Attorney James A. Kowalski, Jr., stating that Mr. Kowalski and Plaintiff agreed on the terms of the plea agreement, but Mr. Kowalski "reneged on that agreement," which affected the amount of gain time Plaintiff could earn.  Case No. 3:02-cv-468-J-12HTS, Complaint (Doc. #1) at 8.  On June 5, 2002, this Court dismissed the case without prejudice, stating "[t]o the extent Plaintiff seeks damages for alleged constitutional violations in connection with the computation of his sentence, he is not entitled to such relief without showing that his allegedly illegal judgment/sentence and illegal sentence computation have been invalidated in a separate proceeding."  Case No. 3:02-cv-468-J-12HTS, Order of Dismissal Without Prejudice (Doc. #4), filed June 5, 2002, at 2.  The Court cited Heck v. Humphrey, 512 U.S. 477 (1994), and concluded that "a judgment in Plaintiff's favor would necessarily imply the invalidity of his judgment and sentence or a portion of his remaining sentence" and that since he had not asserted that his judgment and sentence and the calculation of his sentence have been reversed on direct appeal, expunged by executive

4

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, his 42 U.S.C. § 1983 claim had not yet accrued.  <u>Id</u>. at 2-3.  Thus, the Court dismissed the case without prejudice to Plaintiff's right to refile his claim under 42 U.S.C. § 1983 when he could demonstrate that his judgment and sentence and the computation of his sentence have been challenged and invalidated.

Once again, this Court concludes that Plaintiff's 42 U.S.C. § 1983 claim has not yet accrued.  The United States Supreme Court stated:

> We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.  That makes it unnecessary for us to address the statute-of-limitations issue wrestled with by the Court of Appeals, which concluded that a federal doctrine of equitable tolling would apply to the § 1983 cause of action while state challenges to the conviction or sentence were being exhausted.
>
> . . . .
>
> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen.  Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, so also a § 1983 cause of action . . . attributable to an

>           unconstitutional conviction or sentence does
>           not accrue until the conviction or sentence
>           has been invalidated.

Heck v Humphrey, 512 U.S. 477, 489-90 (1994) (footnote and citations omitted); Muhammad v. Close, 124 S.Ct. 1303, 1304 (2004) ("[C]onditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas served the practical objective of preserving limitations on the availability of habeas remedies.").

Here, a judgment in Plaintiff's favor would necessarily imply the invalidity of his Florida judgment and conviction. Plaintiff has not asserted "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 487. Therefore, Plaintiff's claim for damages is not cognizable under § 1983.

Thus, Plaintiff's 42 U.S.C. § 1983 claim has not yet accrued. Therefore, because the Court is satisfied that Plaintiff's Complaint is not cognizable under § 1983, this case will be **DISMISSED** without prejudice to Plaintiff's right to refile his claim under 42 U.S.C. § 1983 when he can demonstrate that the conviction or sentence has been invalidated.

Accordingly, it is now

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of Court shall enter judgment accordingly.

3. Plaintiff states that he has now exhausted his state post conviction remedies. If so, he may be able to file a federal habeas corpus action (assuming the statute of limitations has not run). Therefore, the Clerk of Court shall send a habeas corpus petition form to Petitioner for possible future use.

4. The Clerk of Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of June, 2005.

_____
TIMOTHY J. CORRIGAN
United States District Judge

sc 6/28
c:
Tommas Lee Colonel